[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15682
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00016-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTA FERGUSON,
a.k.a. Murder,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 22, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Donta Ferguson appeals his 30-month sentence, imposed after pleading guilty to possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of an unregistered short-barreled shotgun.  On appeal, Defendant argues that his sentence is substantively unreasonable.  After careful review, we affirm.

I.    **BACKGROUND**

Beginning in May 2014, a criminal informant completed seven controlled purchases of crack cocaine from Defendant.  Law enforcement officials subsequently executed a search warrant at Defendant's residence in October 2014. The search revealed, among other things, varying amounts of marijuana, crack cocaine, cocaine, a sawed-off shotgun, and a semiautomatic rifle.  The substance that tested positive for cocaine contained less than 2% purity of that drug.

Defendant later pled guilty to:  (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 1"); (2) possession of marijuana with intent to distribute, in violation of § 841(a)(1),(b)(1)(D) ("Count 2"); and (3) possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 ("Count 3").

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR").  Based on Defendant's possession of a short-

barreled shotgun, the PSR assigned him a base offense level of 18, pursuant to U.S.S.G. § 2K2.1(a)(5).  He received a 4-level enhancement under § 2K2.1(b)(6)(B), because he possessed the sawed-off shotgun in connection with another felony offense (the possession of cocaine and marijuana with intent to distribute). Defendant's total adjusted offense level was 22.[1]  With a 3-level reduction for acceptance of responsibility, Defendant's total offense level was 19. Based on a total offense level of 19 and a criminal history category of I, Defendant's guideline range was 30 to 37 months' imprisonment.

At the sentencing hearing, Defendant requested a downward departure or variance from the guideline range based on the 2% purity level of the cocaine found in his possession.  The district court acknowledged that the purity level of the cocaine was low, but did not believe that warranted a departure or variance from the guideline range due to Defendant's possession of a sawed-off shotgun. After considering the 18 U.S.C. § 3553(a) factors and the individual facts of this case, the district court sentenced Defendant to a total of 30 months' imprisonment.

---

[1] Pursuant to U.S.S.G. § 3D1.2, the PSR grouped Counts 1 and 2 separately from Count 3.  As to Counts 1 and 2, the PSR assigned Defendant a base offense level of 14 under U.S.S.G. § 2D1.1, because his possession-with-intent-to-distribute offenses involved the equivalent of at least 10 but less than 20 kilograms of marijuana.  The PSR applied a two-level enhancement under § 2D1.1(b)(1), because Defendant possessed a dangerous weapon, which resulted in an adjusted offense level of 16.  Because the offense level for Count 3 was greater than 16, the PSR used the offense level from Count 3 to calculate the guideline range.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[2]  *Id.* "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotations omitted).  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Defendant has not shown that his 30-month sentence is substantively unreasonable.  First, we expect Defendant's sentence to be reasonable, as it is at the low end of the guideline range.  *See United States v. Hunt*, 526 F.3d 739, 746

---

[2] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

(11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we . . . expect a sentence within the Guidelines range to be reasonable." (quotation omitted)).  Moreover, his 30-month sentence was well below the statutory maximum sentences for his offenses (20 years under 21 U.S.C. § 841(a)(1), (b)(1)(C), 5 years under § 841(a)(1), (b)(1)(D), and 10 years under 26 U.S.C. §§ 5861(d) and 5871).  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

Further, the record does not support Defendant's argument that the district court failed to adequately consider the purity level of the cocaine mixture. Although the district court determined that the low purity level did not warrant a sentence below the advisory guideline range due to Defendant's possession of the short-barreled shogun, the district court explicitly stated that it was imposing a sentence at the low end of the guideline range based on the small percentage of cocaine contained in the mixture.  That the district court chose to weigh Defendant's possession of the firearm more heavily than the purity level of the cocaine was entirely within its discretion.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

5

As to Defendant's contention that the district court failed to consider his mitigating evidence, Defendant set forth his mitigating arguments in his sentencing memorandum and elaborated on his upbringing and substance abuse at the sentencing hearing.  While the district court did not explicitly mention Defendant's mitigating circumstances, it stated that it had considered the § 3553 factors and the individual facts of this case prior to imposing sentence.  As such, Defendant has failed to convince us that the district court ignored his mitigating circumstances. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (stating that, although the district court did not specifically mention mitigating evidence, "we cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining [the defendant]'s sentence.").

In short, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

For the foregoing reasons, Defendant's 30-month sentence is **AFFIRMED**.

6